# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 4, 2011 Session

## MUBASHIR MAHMOOD v. MARYAM MUBASHIR

**Appeal from the Chancery Court for Hamblen County**
**No. 2006-744     Thomas R. Frierson, II, Chancellor**

_____

**No. E2010-00154-COA-R3-CV - FILED - MAY 4, 2011**

_____

This is a divorce case. Mubashir Mahmood ("Husband") appeals from a judgment of the trial court raising four issues, including an issue challenging the trial court's decree awarding Maryam Mubashir ("Wife") attorney's fees as alimony in solido. The judgment from which Husband seeks to appeal is not a final judgment. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Douglas R. Beier, Morristown, Tennessee, for the appellant, Mubashir Mahmood.

J. Eric Harrison, Morristown, Tennessee, for the appellee, Maryam Mubashir.

**MEMORANDUM OPINION**[1]

The judgment now before us decrees that Wife is entitled to an award of alimony in solido in the form of attorney's fees. However, the judgment does not recite the amount of those fees. Counsel for the parties advised the Court at oral argument that the amount of Wife's fees has not yet been set. Counsel for Wife asserts that it is Wife's position that the issue of the amount of the fees is still pending before the trial court. Taking an opposite view, counsel for Husband claims that Wife has waived her request by her failure to file a

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

fee application with an affidavit with respect to the work of her attorneys as required by the trial court. There may also be an issue pending in the trial court with respect to Wife's attempt to relocate out of state with the parties' children.

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " ***In re Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2002) (quoting ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." ***In re Estate of Henderson***, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See* ***Bayberry Assocs. V. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

It is clear to the Court that there are one or more issues before the trial court that have not yet been resolved by that court. As this appeal was taken from a judgment that is not final, we lack subject matter jurisdiction of it. Accordingly, this appeal is dismissed and this case is remanded to the trial court for further proceedings. Costs on appeal are taxed to the appellant, Mubashir Mahmood.


PER CURIAM